D. MURRAY CHESTON *vs.* SALLY C. CHESTON.

*Devise and Legacy—Construction of a Residuary Clause.*

A testator devised the residue of his estate to his wife, " believing that she will manage it judiciously, and perfectly satisfied that she will make a fair distribution of it among our children at her death." *Held*, that the wife took an absolute estate in the property passing under the residuary clause, free from any precatory trust, and is authorized to sell the same in fee.

Appeal from a *pro forma* decree of the Circuit Court for Anne Arundel County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Daniel R. Randall*, for the appellant.

No appearance for the appellee.

FOWLER, J., delivered the opinion of the Court.

The late Dr. C. Morris Cheston died in December, 1898. His widow, Mrs. Sally C. Cheston, and five infant children survive him.   His last will, dated January 13th, 1886, executed in due form to dispose of real estate, was admitted to probate in the Orphans' Court of Anne Arundel County, on the 6th of December of the same year.

To his son, Edward Murray Cheston, the testator bequeaths his gold watch and chain under certain conditions, and then disposes of the residue of his estate as follows: " All the rest and residue of my property, real, personal and mixed, I give, bequeath and devise to my dear wife, Sally C. Cheston, believing that she will manage it judiciously, and perfectly satisfied that she will make a fair distribution of it among our children at her death." With the exception of the last paragraph of the will, which confirms and ratifies it and appoints his wife as executrix, the above bequest and residuary clause constitutes the whole will.

Mrs. Cheston, believing that, under the residuary clause she was the absolute owner and sole beneficiary of the land owned by her husband at his death, entered into an agreement with her brother-in-law, Dr. D. Murray Cheston, of Philadelphia, to sell to him for $10,000 the old Cheston home, in Anne Arundel County, known as " Hawthorne Ridge." The agreement is in writing, and there is no suggestion that it is not a valid and binding contract, provided Mrs. Cheston takes an absolute title under her husband's will.

The purchaser, Dr. Cheston, has filed a bill for specific performance, and Mrs. Cheston has answered it. She alleges that she entered into the contract with Dr. Cheston in good faith, but she has since been advised that the residuary clause is ambiguous in its terms, and that it possibly creates a trust in favor of her children, and that for this reason she refuses to convey the property in question to the purchaser.

The only question, therefore, presented by this appeal is as to the true construction of the residuary clause, which we have transcribed, and the nature and extent of the title which was thereby intended by the testator should be taken thereunder by Mrs. Cheston.

Independent of authority and without regard to canons of construction, it would seem to be perfectly clear that the residuary devisee took an absolute title. The testator in so many words devises his estate to her absolutely—and then explains that he does so because he believes she will manage it judiciously and distribute it fairly. In other words, his motive for giving the estate absolutely to his wife, without making any provision for their children, is his conviction, his belief, that she will provide for them judiciously and fairly. It is as though the testator had said : " Believing that my wife will make a just and fair distribution of my estate, I devise the same to her."

The words which, it has been suggested, may possibly create a trust in favor of Mrs. Cheston's children, are not precatory in their character, and therefore the doctrine of precatory trusts cannot be properly applied to them. The testator makes no *recommendation* and expresses *no wish* as to the final disposition of his residuary estate to be made by the residuary devisee. He leaves that absolutely to her, because he has entire confidence in her discretion, and believes she will do what is fair and just. If this be the fair construction of the clause under consideration, we think it unnecessary to discuss the application of the doctrine of precatory trusts to the language here used.

The *pro forma* order of the Court below dismissing the bill must be reversed because we are of opinion that, under her husband's will, Mrs. Cheston took an absolute estate in the land she agreed to sell to the plaintiff, and he is entitled, therefore, to a conveyance of the same upon the payment of the purchase money.

*Reversed and remanded.*

(Decided June 21st, 1899).